RAYMOND MASS, CHIEF OF POLICE, CHARGING PARTY-AP-
PELLANT, v. BOROUGH OF SHREWSBURY,
RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 17, 1979—Decided May 16, 1980.

Before Judges BISCHOFF, BOTTER and DWYER.

*Douglas J. Widman* argued the cause for appellant.

*Martin M. Barger* argued the cause for the Borough of Shrewsbury (*Reussille, Cornwell, Mausner & Carotenuto*, attorneys).

*Don Horowitz*, Deputy General Counsel, argued the cause for the Public Employment Relations Commission (*Sidney H. Lehmann*, General Counsel, attorney).

PER CURIAM.

This is an appeal from a decision of the Public Employment Relations Commission (PERC) in which PERC refused to issue a complaint on appellant's behalf charging respondent municipality with unfair labor practices in violation of *N.J.S.A.* 34:13A–5.-4(a)(2), (5), and (6). Subsection (2) of *N.J.S.A.* 34:13A–5.4(a) prohibits employers from interfering with any employee organization; subsection (5) prohibits employers from refusing to negotiate in good faith "with a majority representative of employees in an appropriate unit" concerning terms and conditions of employment "of employees in that unit," and subsection (6) prohibits an employer from refusing to reduce a "negotiated agreement" to writing and refusing to sign such an agreement.[1] PERC took the position that a single employee cannot be an "employee organization" or an "appropriate [bargaining] unit" within the meaning of these sections of the statute.

Appellant is the Chief of Police of the Shrewsbury Police Department which consists of appellant and 11 police officers. There are no ranking officers other than appellant. Thus, appellant is the sole supervisory employee in the department.[2] When respondent refused to recognize appellant as a member of

---

[1] A complaint charging unfair labor practices in violation of *N.J.S.A.* 34:13A–5.4(a)(1), (3), and (4) was accepted and heard.

[2] Because of the narrow basis for the decision below we are not called upon to determine whether appellant is excluded from coverage under the Employer-Employee Relations Act, *N.J.S.A.* 34:13A–1 *et seq.* (hereafter the act), as a "managerial executive" within the meaning of *N.J.S.A.* 34:13A–3(f) and *N.J. S.A.* 34:13A–5.3.

the P.B.A. bargaining unit in which he claimed membership, respondent negotiated with appellant individually, and a written employment contract was entered into in October 1977. After negotiating for a new employment contract for some time without obtaining an executed contract, appellant filed these unfair practice charges with PERC in August 1978 with the resulting denial of jurisdiction as to certain of the charges. The synopsis of PERC's decision is as follows:

> The Director of Unfair Practices declines to issue a complaint with respect to an Unfair Practice Charge filed by a chief of police asserting that the chief's employer did not negotiate in good faith and refused to reduce a negotiated agreement to writing. The Director finds that an employer's obligation to negotiate in good faith and to reduce negotiated agreements to writing only arises where there is a majority representative of employees in an appropriate unit. Despite the chief's claim that he is a representative of a negotiations unit, consisting solely of himself, the Director, relying upon a previous decision, *In re Borough of Jamesburg*, D.U.P. No. 79–5 (1978), finds that a single individual cannot constitute an appropriate collective negotiations unit. The Director also declines to issue a complaint with respect to allegations by the chief that his employee organization was being dominated and/or interfered with by the employer. The Director observes that *N.J.S.A.* 34:13A–5.4(a)(2) is intended to protect bona fide employee organizations and is not designed to provide additional protections to individuals who seek to deem themselves 'employee organizations.'

*N.J.Const.* (1947) Art. 1, par. 19, provides that public employees shall have the right to organize and present their proposals and grievances through "representatives of their own choosing." This provision is "oriented toward collectivity"; it does not guarantee the right of an employee to represent himself or herself and negotiate as an individual for his or her own terms and conditions of employment. *Red Bank Reg'l Ed. Ass'n v. Red Bank Reg'l High School Bd. of Ed.*, 78 *N.J.* 122, 138 (1978). PERC's decision in this case is based on the conclusion that, virtually by definition, a single individual cannot constitute either an "appropriate unit" for collective negotiations or an "employee organization" within the meaning of *N.J.S.A.*

34:13A–5.3 and *N.J.S.A.* 34:13A–6(d), thus excluding an individual from the protection afforded by *N.J.S.A.* 34:13A–5.4(a)(2), (5), and (6). As noted in *Lullo v. International Ass'n of Fire Fighters*, 55 *N.J.* 409, 424–425 (1970), pluralism is an essential characteristic of collective representation and bargaining. The language used in *N.J.S.A.* 34:13A–5.3 tells us that collectivity is an essential component of the act, although certain individual rights are expressly preserved.

The decision below is affirmed.